# UNITED STATES DISTRICT COURT
### for
### NORTHERN DISTRICT OF TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

FEB 16 2012

CLERK U.S. DISTRICT COURT

By _____
Deputy

## Request for Modifying the Conditions or Term of Supervision
## With Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  Douglas Sovereign Smith, Jr.                Case No.: 4:05-CR-040-Y(01)

Name of Sentencing Judicial Officer:  U.S. District Judge Terry R. Means

Date of Original Sentence:  December 5, 2005

Original Offense:     Receipt and Distribution of Child Pornography, 18 USC §§ 2252A(a)(2)(A) & (b)(1) and 3583(k)

Original Sentence:     96 months custody, life term of supervised release

Type of Supervision:  Supervised Release          Date Supervision Commenced:  currently incarcerated

Assistant U.S. Attorney:  Bret Helmer          Defense Attorney:  Jack Strickland (Retained)

---

## Petitioning The Court As Follows:

To add to the conditions of supervision with the consent of the offender as follows:

The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with Internet capability; computers, computer peripherals, laptop computers; iPods; Personal Digital Assistants (PDAs); portable storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection without the permission of the U.S. Probation Office. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term "sexually explicit conduct" is defined under 18 USC § 2256(2)(A), and is not limited to the sexual exploitation of children.

The defendant shall not possess or access a computer, except in the course of his/her employment or schooling. Such computer shall have no modem or other device which would allow access to the Internet. The defendant shall allow the probation officer to have access to any computer to which he or she has access for the purpose of monitoring this condition, and shall fully cooperate with the probation officer with regard to enforcement of this condition. The defendant shall provide the probation officer with access to any requested financial information for the purposes of monitoring their compliance with the imposed computer access/monitoring conditions.

The defendant shall advise anyone in his/her household that any computer in the household may be subject to computer monitoring.

The defendant will disclose all on-line account information, including user names and passwords, to the U.S. Probation Office. The defendant shall also, if requested, provide a list of all software/hardware on his/her computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor the defendant's computer usage. The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring their compliance with the imposed computer access/monitoring conditions.

## Cause

Douglas Sovereign Smith, Jr. is scheduled to release from the custody of the Federal Bureau of Prisons on December 27, 2012. His proposed residence is in the Eastern District of Texas, Plano Division. Due to the nature of Mr. Smith's offense and to assist in supervision, the U.S. Probation Office in Plano has requested the above-referenced special conditions be added to his conditions of supervised release. Mr. Smith is in agreement with this modification and has signed the attached Probation Form 49, Waiver of Hearing form. After consulting with Senior U.S. Probation Officer Jamil Tirhi, Cybercrime Specialist, we are requesting this modification of Mr. Smith's conditions of supervision.

I declare under penalty of perjury that the
foregoing is true and correct.

Executed on February 13, 2012                          Approved,

s/ Sharon Geider                                       s/ Mark A. Briones
  Senior U.S. Probation Officer                          Supervising U.S. Probation Officer
  Benbrook, Texas                                        817-732-7309, Ext. 206
  817-732-7309, Ext. 244
  Fax: 817-732-7340

## Order of the Court:

☐ No Action

☐ The extension of supervision as noted above.

☑ To add to the conditions of supervised release.

The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with Internet capability; computers, computer peripherals, laptop computers; iPods; Personal Digital Assistants (PDAs); portable storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection without the permission of the U.S. Probation Office. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term "sexually explicit conduct" is defined under 18 USC § 2256(2)(A), and is not limited to the sexual exploitation of children.

Robert Brice Daugherty
Request for Modifying the Conditions or Term of Supervision With Consent of the Offender

The defendant shall not possess or access a computer, except in the course of his/her employment or schooling.  Such computer shall have no modem or other device which would allow access to the Internet.  The defendant shall allow the probation officer to have access to any computer to which he or she has access for the purpose of monitoring this condition, and shall fully cooperate with the probation officer with regard to enforcement of this condition.  The defendant shall provide the probation officer with access to any requested financial information for the purposes of monitoring their compliance with the imposed computer access/monitoring conditions.

The defendant shall advise anyone in his/her household that any computer in the household may be subject to computer monitoring.

The defendant will disclose all on-line account information, including user names and passwords, to the U.S. Probation Office.  The defendant shall also, if requested, provide a list of all software/hardware on his/her computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor the defendant's computer usage.  The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring their compliance with the imposed computer access/monitoring conditions.

☐ Other or Additional:


Terry R. Means
U.S. District Judge

2-16-12
Date

(11/4/2011) Mirranda Williams - Smith Prob 49.wpd

PROB 49

# UNITED STATES DISTRICT COURT
## for the
## NORTHERN DISTRICT OF TEXAS

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

United States of America

v.

Criminal No. 4:05-CR-040-Y(1)

Douglas Sovereign Smith Jr.

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; computers, computer peripherals, laptop computers; iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection without the permission of the U.S. Probation Office. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children.

The defendant shall not possess or access a computer, except in the course of his/her employment or schooling. Such computer shall have no modem or other device which would allow access to the Internet. The defendant shall allow the probation officer to have

access to any computer to which he or she has access for the purpose of monitoring this
condition, and shall fully cooperate with the probation officer with regard to enforcement
of this condition. The defendant shall provide the probation officer with access to any
requested financial information for purposes of monitoring their compliance with the
imposed computer access/monitoring conditions.

The defendant shall advise anyone in his/her household that any computer in the household
may be subject to computer monitoring.

The defendant shall disclose all on-line account information, including user names and
passwords, to the U.S. Probation Office. The defendant shall also, if requested, provide a
list of all software/hardware on his/her computer, as well as telephone, cable, or Internet
service provider billing records, and any other information deemed necessary by the
probation office to monitor the defendant's computer usage. The defendant shall provide
the probation officer with access to any requested financial information for purposes of
monitoring their compliance with the imposed computer access/monitoring conditions.


Witness: _____        Signed: _____
              Case Manager                            Douglas Sovereign Smith Jr.

Date: _____11/4/2011_____